F. G. HOOD & COMPANY, Appellant, vs. GIRARD LUMBER COMPANY, Respondent.

*November 13—November 27, 1908.*

*Contracts by correspondence: Meeting of minds.*

A contract claimed to arise from an offer and acceptance in letters is to be interpreted and applied in the light of the facts as understood by the parties, and when the minds of the parties to the transaction did not come to an agreement on the subject of the interest in the property to be embraced in the contract, no contract resulted.

APPEAL from a judgment of the circuit court for Marinette county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This is an action to recover on contract. The plaintiff claims the contract is expressed in the following letters. Defendant wrote plaintiff as follows:

"Menominee, Mich., 10–11–1907.
"*F. G. Hood & Co., Crystal Falls, Mich.*

"Gentlemen: Referring to the conversation which your Mr. Griswold had with the writer when in this office recently, would say that our Mr. J. W. Wells has returned to the city

and wishes to make you this proposition: We will either buy your interest in sections 29 and 33, 42–33 for $3,566.25, or will sell you our interest for $1,188.75. Please let us know your pleasure in the matter. Yours truly,

"GIRARD LUMBER COMPANY.
"A. C. W.    E. A. M."

Plaintiff replied as follows:

"Pentoga, Iron County, Mich., October 16th, 1907.
"*Girard Lumber Company, Menominee, Michigan.*

"Gentlemen: We are in receipt of your favor of October 11th offering us $3,566.25 for our interest in section 29 and 33–42–33. We accept this offer and are tonight forwarding the First National Bank of Menominee papers covering our interest, with sight draft $3,566.25 attached. Yours respectfully,          F. G. HOOD & Co."

The defendant denies the contract, and relies on other parts of the transaction as showing that no contract was made as plaintiff alleges. Plaintiff offered a deed of the land in section 29 and a bill of sale of the timber in section 33, based on a license to cut the timber. This was the extent of plaintiff's interest in these sections. Mr. Griswold testified that in the conversation with defendant's officer, referred to in the above letter, he told the officer that the plaintiff owned the timber in section 33. Subsequently he testified that he had informed this officer in this conversation of plaintiff's exact interest. The officer of the defendant with whom this conversation was held testified that Mr. Griswold told him that the plaintiff owned a three-quarters interest in the fee to the lands in section 33. On July 18, 1907, defendant wrote plaintiff, stating that they would like to buy plaintiff's interest in the lands in "42–33 in which we [defendants] own an undivided interest." Plaintiff replied that they would have the timber estimated, and "we [plaintiffs] will give you our price on the three-quarter interest which we own." On September 16, 1907, defendant wrote Mr. Watson, plaintiff's attorney, asking that he have the plaintiff make them an offer "at which they will either buy or sell their interest or

our interest" in the lands involved in the controversy. Watson replied, stating that he had acted upon the suggestion in defendant's letter and was authorized to make an offer. After stating the offer he says: "My client does not own any interest in the soil in the lands in section 33, but holds a deed to a three-fourths interest in the timber thereon." Defendant replied to Mr. Watson, declining the offer and making the offer contained in the letter of October 11, 1907, as given above. The evidence showed that, after the receipt of the instruments of transfer by the bank, the defendant wrote plaintiff, desiring that the instruments be so drawn as to state the separate consideration for each section, and objecting to the instrument conveying the property in section 33 because plaintiff thereby did not offer to convey an absolute title but only a lease to cut timber. Plaintiff complied with the request for instruments which should state the separate consideration for each section. At the conclusion of the evidence the court directed a verdict in favor of the defendant. This is an appeal from the judgment.

For the appellant there were briefs by *W. B. Quinlan,* and oral argument by *H. T. Scudder.*

For the respondent there was a brief by *Eastman & Martineau,* and oral argument by *P. A. Martineau.*

SIEBECKER, J. It is obvious that defendant's letter of October 11, 1907, offering to purchase plaintiff's interest in the lands, referred to prior negotiations which formed the basis of the offer. A reference to these negotiations shows that defendant's offer rested on an understanding that plaintiff's interest in the lands and timber amounted to absolute ownership. It also appears that plaintiff in these prior negotiations asserted that it owned the fee to the land in section 29 and owned a three-fourths interest in the timber in section 33, while in fact its interest in the timber on section 33 was only a license to cut and remove the timber within three years.

The offer and the acceptance in the letters must be interpreted and applied in the light of the facts as understood by the parties. When so considered it is manifest that the minds of the parties never met upon the terms of an agreement for the purchase and sale of plaintiff's actual interest in the premises. The offer of the defendant referred to an interest in plaintiff as set out in the prior negotiations between the parties, while plaintiff asserts that its acceptance embraced only such interest as it actually owned. Under these circumstances the transaction does not show an agreement as plaintiff avers. It is fundamental to a valid contract that the minds of the parties meet and agree upon its terms. The minds of the parties to this transaction did not come to an agreement on the subject of the interest in the property to be embraced in the contract, and hence no contract was made for the sale and transfer of plaintiff's interest in the property. The holding of the trial court to that effect is correct.

*By the Court.*—Judgment affirmed.